## FALLON v. THE DISTRICT TOWNSHIP OF JOHNSON.

1. **Practice:** CERTIFICATE OF TRIAL JUDGE. It is not competent for the parties to stipulate that the judge render his decision in vacation and grant a certificate indicating a question of law upon which it is desirable to have the opinion of the Supreme Court.

*Appeal from Webster District Court.*

WEDNESDAY, JUNE 4.

*Frank Farrell,* for appellant.

*John F. Duncombe,* for appellee.

ROTHROCK, J.—The amount in controversy in this action, as shown by the pleadings, is less than one hundred dollars.

1. PRACTICE: certificate of trial judge. The cause was tried to a jury. A verdict was returned for the defendant, by direction of the court, upon the ground that the evidence which the court allowed to go to the jury did not tend to support the allegations of the petition. A motion for a new trial was filed on the 14th day of February, 1878.

On the 25th day of the same month the parties entered into a written stipulation in said cause, which, so far as material to be considered, was as follows:

"That the motion for new trial now pending in this cause be and is hereby submitted to the judge of the court in vacation, on such written citation of authorities as either party may present within five days from the date hereof.

"That the order·or decision of the court thereon be made, and final judgment in this cause entered, as of the February Term, 1878, of Webster county District Court, and that the certificate of the judge indicating the question of law upon which it is desirable to have the opinion of the Supreme Court be also made and entered as of said term of court."

The court overruled the motion for a new trial in vacation

on the 9th day of March, 1878, and afterward, but at what date the record does not disclose, a judgment was rendered upon the verdict.   On the 5th day of April, 1878, a certificate was made by the judge of the District Court, at Eldora, that the cause involved a question of law upon which it was desirable to have the opinion of the Supreme Court, and specifying such question of law.

The certificate was made too late.   We have held in numerous cases that this certificate must be made at the term at which the judgment appealed from is rendered.   It may be and doubtless is competent for parties to stipulate that a cause may be submitted and decided in vacation, and judgment be entered as of the last preceding term.   But it is not competent for them to stipulate that the judge shall make a certificate entitling the unsuccessful party to appeal a cause involving less than one hundred dollars.   It is not a question for the parties to determine.   If, upon the decision of such a cause, it appears to the court that a question is involved upon which it is desirable to have the opinion of this court, such question should be certified.

Section 3173 of the Code does not entitle the unsuccessful party to a certificate as a matter of right in any case.   It can only properly be made where the trial judge believes it to be desirable for the proper administration of justice that some specified question in the cause should be settled by the court of last resort.

The matter of the right to such certificate, then, not being a subject for stipulation between the parties, the stipulation in this cause for such certificate must be disregarded.   We have, then, no showing of record that the certificate was made at the time the order or decision upon the motion for new trial was made.   It appears to have been made and signed several weeks afterward.

AFFIRMED.